Mario Pittoni, J.
Motion by plaintiff for summary judgment is denied.
This is an action by an assignee of a retail installment obligation to recover the alleged balance due under the obligation, plus late charges and a 15% attorney’s fee. A triable issue of fact exists on whether or not the assignee had notice of defendants’ defenses within 10 days after the mailing of the notice of assignments, as required by section 403 (subd. 3, par. [a]) of the Personal Property Law.
Defendant, Joseph Forlivio, claims that the day he received the notice of assignment, he called plaintiff and notified one of its employees that he had not signed the retail installment obligation, that the information required by the statute was *92 erroneously set forth, and that the seller had made certain misrepresentations. He also claims that he subsequently made numerous calls to the plaintiff reaffirming this position.
Plaintiff claims that the defenses cannot be raised by defendants as they did not notify the assignee in writing of these defenses within the 10-day period. 12***6 ‘ It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable ”. (Falk v. Goodman, 7 N Y 2d 87, 91.) The applicable statutory provision only permits an assignee to cut off defenses a purchaser might have against a seller if the assignee acquiring the obligation “ has no notice of the facts giving rise to the claim or defense within ten days after such assignee mails to the buyer ” (Personal Property Law, § 403, subd. 3, par. [a]; italics supplied) a notice containing various information. Although the statutory form of notice indicates that the buyer must notify the assignee in writing, the language of the statute itself imposes no such limitation. Certainly, if a purchaser can prove that the assignee had actual notice of defenses within the statutory time period, he should be permitted to raise these defenses in a plenary action. The motion is, therefore, denied.